THE bill was filed by complainants to have the benefit of an agreement which Thomas Keenan entered into ,, , . ,, „ on the 23d of March, 1804. It was m the following wor<*s : ee Mr. Thomas Keenan agi’ees to sell his house situated at the corner of Church and Water streets, where he lives, on the following conditions : He engages to give the titles of the house tand lot into the hands of Dr. Read and Dr. Polony, they paying him 58 3000, ¿viz. in his own notes endorsed by them, and the remainder of the money in three notes at 2, 6 and 8 months, with good endorsers. Mr. Thomas Keenan will he entitled to redeem the said house, at the expiation of three years by repaying to Drs. Read and Polo-ny the same sum of g 3000, which condition said Read •and Polony engage to fulfil bona fide.” This agreement was signed by all three of the parties in the pre *75 sence of witnesses, and duplicates exchanged. Dr. Bead had endorsed notes for Keenan for g 1700, which he was obliged to pay, with interest and costs. Dr. Polony endorsed notes for Keenan for g 1600, which he has been obliged to pay, with interest and costs. No part has been repaid. Complainants instituted suits and obtained judgments against Keenan ; but previously to their judgments Hopkins and others obtained judgments-for debts due to them $ and they claim a priority of lien. The complainants pray that Keenan may be decreed to pay them what is due them ; and in default, that the house and lot may be sold to pay their demand, and Keenan barred of his equity of redemption.
The defendant, Keenan, admitted the facts ; but insisted ho had made a partial payment to Polony. But he denies that the agreement had any validity, because Bead and Polony had not taken up all the notes as they fell due, nor till compelled as endorsers ; and when paid they did not deliver them up to the defendant, but kept them, and brought suits as creditors and obtained judgmentsall which prevented their being entitled to the security intended. Defendant admits that Hopkins and others have recovered judgments against him. Defendants, Hopkins and others, creditors of Keenan,. 3tate their judgments and insist on their priority.
A witness for complainants proved that he, as their-agent, oifered to Keenan his notes taken up by them,, and demanded titles to the house, which he refused, and advertised the house for sale. Keenan also made a voluntary deed of the house and lot, for the benefit of his wife, in December, 1802, and on the same day that he signed the agreement with complainants, he carried it to be recorded; but they had recorded the agreement before he got to the office. The title deeds from the former owner to Keenan were in the hands of Dr. Polo-ny, and produced by his executor.
It was proved that Keenan had paid g 112 to Polony, and g 105 to Bead.
The complainants insisted that this agreement was *76 substantially a mortgage, and gave them an equitable ^esi* That this Court looks only to the intention, and will give that effect. This was meant as a security and WOuld be considered so by the Court. The cases cited Hathier and Etinaud ; Menude vs. Polony, and Read Vs. Simons, all decided in this Court. Also, 1 P. Wms. 292, 277, 280 ; 2 Vern. 564 ; 1 Bro. C. C. 26; 4 Bro. C. C. 64; 1 Ves. Junr. 162; 3 Ves. Junr. 582.
For defendant, it was insisted that the contract depended on a condition precedent, the taking up thenotes. That the condition was to take up the notes as they fell due, and save Keenan’s credit. This was not done as to some of the notes, and the condition not being complied with, the complainants have lost the benefit of the agreement. That they had abandoned the agreement, and sued as general cx*editors. That the object of the whole plan being to take up Keenan’s notes as they fell due, and save Keenan’s credit, and that not having been complied with, (for they did not take up some of the notes till they were dishonored and Keenan’s credit •destroyed) they were ixot entitled to the benefit of the agTeenxent as a secui’ity. That time is material in such cases, and is of the essence of the contract: see Sugden. 244 ; 1 Vesey Junr. 450. And that as the legal estate was not divested out of Keenan the judgments attached.
For complainants, it was replied that this was plainly intended as a secui’ity, and was a mortgage. That there was no condition precedentno time was limited. That Keenan refused to receive the notes when taken up $ and complainants had a right on his refusal to make titles, to sue on the notes. That such, suits did not forfeit the security 5 for mortgagees may sue on their bonds, and yet hold and enforce their securities, taking only one satisfaction.
The Cotjkt was of opinion that this agreement was substantially a moi’tgage. Thei'e was no condition in the agreement fixing a time to take up the notes, and declai’ing it void in case of failure. Time may be and *77 sometimes is of the essence of contracts; but it does not appear to be so here, so as to vitiate the security, Most of the notes had indeed been taken up when they fell due, though not all. His credit was destroyed even when the complainants made the agreement with him, and their taking up most of his notes when due, and not been able to keep it up.
As to their not delivering the notes to Keenan, they were offered and refused. Besides he had three years to redeem, and they could not safely deliver up the evidences of their having paid his debts, till they got the title, which he refused to give.
With respect to the claim to a priority set up by the judgment creditors, it appears that the equitable lien preceded the judgments, and is entitled to priority, see 1 P. Wms. 277, Finch vs. Winchelsea, which is expressly in point. The Court there decided that if one agrees for a valuable consideration to convey lands to one person, and afterwards confesses judgments to others, the agreement to convey will bind the land in equity, and shall defeat the judgments $ and this has been the settled doctrine ever since, see 3 Vesey, 582, where the Lord Chancellor says, that the Court has often decreed that where there is an incomplete agreement. for a mortgage, this Court, after the death of the party, and when all his engagements are to be arranged, have given a specific lien, and that notwithstanding there were judgments. In the case under consideration the agreement -was fair; the object was to give a security j the consideration adequate: the complainants ought to be protected.
The Court decreed that the house and lot should be sold by the master, on a credit to the 22d November, then next; the purchaser to give bond and mortgage. The title, to be executed by the master, but not delivered till the payment of the purchase money and interest; and if not paid when due, the premises to bo resold on the account and at the risk of the former purchaser $ *78 and that it be referred to the master to ascertain what *s ^Ue ^ Keenan to complainants, on the notes in question ; and the amount of their demands be paid out of the proceeds of the sale, with the costs of suit.
W. L. Smith, Prikgie and Geddes, for compl’ts.
Parker and Cheves, for defendants.